IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TERRENCE T. DAILEY, | § | |
| TDCJ-CID No. 709586, | § | |
| Petitioner, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:11cv191 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent.[1] | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Terrence T. Dailey challenges a disciplinary proceeding through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 (West 2011). He disputes the outcome of this disciplinary hearing alleging that his due process rights were violated. However, since Dailey did not lose any good time, he fails to state a claim for which federal habeas relief may be granted.

## JURISDICTION

Dailey seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Dailey is incarcerated within this Court's jurisdiction.

---

[1] Respondent will be referred to hereinafter as "the Director."

## PETITIONER'S ALLEGATIONS

The Director understands the Petitioner's claims to be as follows:

1.    There was insufficient evidence to support the disciplinary action;

2.    The punishments Dailey received were excessive, cruel and usual;

3.    The disciplinary offense was based on a false report and was the result of retaliation;

4.    The disciplinary hearing officer was biased;

5.    Prison personnel failed to follow prison disciplinary procedure by not providing Dailey with a written statement of findings; and

6.    Dailey was denied his Equal Protection rights.

Petition at 7-8.

## GENERAL DENIAL

The Director denies each allegation of fact made by Dailey, except those supported by the record and those specifically admitted herein.

## ADMINISTRATIVE RECORDS AND ATTACHMENTS

Copies of the records of the disciplinary and grievance proceedings, and Disciplinary Hearing Audio ("DHA"), Dailey challenges are being sent under separate cover as state records.[2]  A copy of the records will not be forwarded to

---

[2] For the convenience of the Court, the Director has numbered the pages of the Disciplinary Hearing Records ("DHR") and Disciplinary Grievance Records ("DGR") with page one of each record being the page following the attesting affidavit.

Petitioner.  *See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010).  Attached as "Exhibit A" is a copy of Dailey's TDCJ commitment inquiry sheet.

## STATEMENT OF THE CASE

The Director has lawful custody of Dailey pursuant to a judgments and sentences of the 105th District Court of Nueces County, Texas, in cause numbers 93-CR-144-D, 93-CR-145-D, 93-CR-215-D and 93-CR-219-D.  *See* Exhibit A.  In these cases, Dailey was convicted of delivery of cocaine and burglary of a habitation, and sentenced to twenty-five years imprisonment in each case.  *Id.* An appellate and procedural history of Dailey's convictions is not necessary for the disposition of the instant case, because the validity of Dailey's holding convictions is not in issue.  Rather, Dailey challenges disciplinary case number 20100211410.  Petition at 5.

On April 6, 2010, the TDCJ notified Dailey that he was being charged with the prison disciplinary offense of "threatening to inflict harm on an officer."[3] DHR at 1-2.  Dailey pled not guilty to the allegation.  DHR at 1; *see also* DHA. On April 13, 2010, the disciplinary hearing officer (DHO) found Dailey guilty of the charge and as a result, assessed his punishment at fifteen days of solitary confinement, forty-five days loss of commissary privileges, forty-five days of cell restriction, and a reduction in line class status from S3- to L1.  DHR at 1-2; DHA.

---

[3]  "Threatening to inflict harm to an officer" is a Level 1, Code 4.0 disciplinary violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders.  See* TDCJ-CID, *Disciplinary Rules and Procedures for Offenders*, Attachment A, available at:  www.tdcj.state.tx.us/publications/cid/Disciplinary_Rules_and_Procedures_for_ Offenders_April_2010.pdf (last visited August 22, 2011).

Dailey submitted step one and step two grievances, appealing this disciplinary case. DGR at1-4.  As a result of grievance review, his offense was reduced to creating a disturbance, a Level Two, Code 23.0 offense.  *Id.* at 2. Dailey's punishments were unchanged by this reduction in charges.  *Id.* at 4. Dailey then filed the instant petition on April 11, 2011.[4]  Petition at 9.

## EXHAUSTION OF STATE REMEDIES

With regard to the claims numbered 1 and 2 above (insufficient evidence and cruel and unusual punishment), the Director believes Dailey has sufficiently exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b) and (c). The Director reserves the right to raise exhaustion/procedural default should Dailey contend that he raised more than the issues listed above, or should he amend or supplement his petition with additional issues or evidence, other than the ones stated in herein.[5]

However, with regard to the rest of his claims, Dailey did not properly present his claims before any state review process.  DGR at 1-4.  Therefore, Dailey has not met the exhaustion requirements of 28 U.S.C. § 2254(b) and (c),

---

[4]  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

[5]  Dailey is not required to present his claims to the Texas Court of Criminal Appeals because the court will not entertain challenges to prison disciplinary proceedings. *See Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1985); *see also Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir. 1978) (held that it must "adhere to the view that in habeas corpus cases the exhaustion principle has as much relevance in areas of administrative concern as it does where state judicial action is being attacked.").  Instead, Dailey is required to exhaust or complete the administrative appeal process in TDCJ-CID.

which read in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
>> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)   (I) there is an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c)   an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (West 2011).

In order to satisfy the exhaustion requirements of section 2254, state prisoners must first seek redress in the state forum before bringing a federal habeas corpus action.  *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).  Also, before filing a federal writ, an inmate who alleges a constitutional error in his disciplinary proceeding must first exhaust his administrative remedies by following all internal dispute resolution procedures.  Tex. Gov't Code Ann. § 501.008 (Vernon 2011).[6]  As stated by the Supreme Court:

---

[6]   An inmate may not file a claim in state court regarding operative facts for which the grievance system provides *the exclusive administrative remedy* until . . . the inmate receives a written decision issued by the highest authority provided for in the

5

> Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems.  Moreover, because most potential litigation involving state prisoners arises on a day-to-day basis, it is most efficiently and properly handled by the state administrative bodies and state courts, which are, for the most part, familiar with the grievances of state prisoners and in a better physical and practical position to deal with those grievances.

*Preiser v. Rodriguez,* 411 U.S. 475, 492 (1973); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991) (holding that the requirement that a state prisoner exhaust available state remedies as to any of his or her federal claims prior to seeking federal habeas relief is grounded in principles of comity; in the federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.).  Additionally, the Fifth Circuit has held that it must "adhere to the view that in habeas corpus cases the exhaustion principle has as much relevance in areas of administrative concern as it does where state judicial action is being attacked."  *Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir. 1980) ("a federal court may not grant habeas corpus relief to a

---

grievance system or (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed. TEX. GOV'T CODE ANN. §501.008(d); *see also Ex parte Brager,* 704 S.W.2d at 46; *Days v. Johnson*, 322 F.3d 863, 864 n.2 (5th Cir. 2003) (per curium) ("'The Texas Department of Criminal Justice currently provides a two-step procedure for presenting administrative grievances.' In Step 1, the prisoner submits a grievance at the institutional level.  If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal 'to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice.'") (citing *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998)).

petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections") (citation omitted); *cf. Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (holding that it was within the discretion of the district court to require inmate to exhaust the TDCJ grievance procedures before proceeding with his civil rights action).

In the instant case, the record establishes that Dailey failed to exhaust his administrative remedies, because his step one grievance did not include claims 3 through 6, and his step two grievance did not include claims 4 through 6. DGR at 1-4; *cf. Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions); *Wilder v. Cockrell,* 274 F.3d 255, 260 (5th Cir. 2001) ("it is not enough . . . that a somewhat similar state-law claim was made.") (*citing Anderson v. Harless,* 459 U.S. 4, 6 (1982)). Consequently, by filing his federal writ of habeas corpus, Dailey has by-passed the Director's ability to review and, if necessary, correct any constitutional errors that might have occurred in his case through the State's dispute resolution process. Therefore, claims 3 through 6 are unexhausted.

In addition to these claims being exhausted, they are also procedurally defaulted because it now would be futile for him to raise them in any subsequent state review. If Dailey were to present his claims to the TDCJ-CID Offender Grievance Office in an offender grievance form, he would be denied relief since it would be past the grievable time period. *See* TDCJ-CID, *Offender Orientation Handbook,* p. 52, available at http://www.tdcj.state.tx.us/publications/ cid/OffendOrientHbkNov04.pdf (last visited August 22, 2011) (explaining how

offenders have fifteen days from the date of the alleged issue to submit a step one grievance, and fifteen days from the date the step one grievance is signed to submit a step two grievance).  Furthermore, if he were to present his claims to the Texas Court of Criminal Appeals in a state writ, he would be denied relief since disciplinary actions are not cognizable on state habeas review.  *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d at 46; *see also Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (holding that the inmate classification decision itself is not subject to judicial review).  The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state remedies.  *See Coleman*, 501 U.S. at 735.  In such cases, the federal procedural default doctrine precludes federal habeas corpus review.  *Id.*

Although federal habeas corpus review is available when administrative remedies either are unavailable or wholly inappropriate to the relief sought, Dailey's failure to properly exhaust his administrative remedies is due to neither "an absence of a state corrective process," nor to circumstances rendering that process "ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(I) and (ii). Moreover, exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances and Dailey bears the burden of showing the futility of an administrative review. *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994).  To overcome the procedural bar, a petitioner must demonstrate adequate cause for the default and actual prejudice resulting from such default. *Johnson v. Cain*, 215 F.3d 489, 494 (5th

Cir. 2000).

Dailey has failed to argue, much less establish, extraordinary circumstances, futility of the administrative process, or actual prejudice. Accordingly, this Court should find that Dailey's aforementioned claims are unexhausted and procedurally barred.

## ANSWER

### I.   Standard of Review

This petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C.A. § 2254 (2010); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996); *Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).

### II.   Dailey Fails to Allege Actionable Constitutional Deprivations Because He Never Lost Any Good Time Credit and Changes in the Conditions of Confinement Do Not Raise Due Process Concerns.

Dailey claims his due process rights were violated in his disciplinary case. Petition at 7-8.   However, the only punishments assessed to Dailey were temporary suspension of  his commissary privileges, solitary confinement, cell restrictions, and a reduction in his line class status.  DHR at 1-2.  Since he never lost any good time credits and the Due Process Clause is not implicated by changes in the conditions of Dailey's confinement, Dailey has not stated any

claim for which federal habeas relief can be granted.   In order to have standing in a federal habeas case, an inmate must lose good time and be eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997). Although Dailey is eligible for mandatory supervision due to the nature of his underlying conviction, *see* Exhibit A, he did not lose any good time credit. DHR at 1-2; Petition at 5.  Therefore, he raises no federal constitutional issue and his claim does not present grounds for federal habeas corpus review.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner,* 515 U.S. 472, 478 (1995).  When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Id.* at 485; *Wolff v. McDonnell,* 418 U.S. 539, 555 (1974); *Madison v. Parker,*104 F.3d 765, 767 (5th Cir. 1997).  However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff,* 418 U.S. at 555.  In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767.  "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin*, 515 U.S. at 484.  "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  *Madison*, 104 F.3d at 767.

Dailey's suspension of privileges, solitary confinement, cell restrictions, and reduction of line class status do not pose an "atypical" or "significant hardship[s]" beyond "the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484.  Rather, they constitute nothing more than changes in the conditions of his confinement, and, therefore, does not implicate the protections afforded by the Due Process Clause. *See id.* at 486 (holding that no liberty interest was implicated by placement in administrative segregation); *Madison*, 104 F.3d at 768 (thirty day commissary and cell restrictions do not implicate due process concerns).  Therefore, Dailey has not stated a claim that is entitled to federal habeas corpus relief.

III.  **Dailey's Claim of Excessive Punishment Is Constructively Waived and Meritless.**

Dailey also claims that his punishment in this disciplinary case was excessive.  But Dailey provides no legal support for this argument so it should be deemed waived. *See Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue).  Moreover, the punishment in this case does not remotely violate any contemporary standard

of decency, such as the infliction of pain or serious deprivation of human needs without any penological purpose. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this Court dismiss Dailey's petition for writ of habeas corpus with prejudice, and *sua sponte* deny a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

 /s/ Nathan Tadema
NATHAN TADEMA*
\*Lead Counsel                     Assistant Attorney General
State Bar No. 24044285

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
(512) 936-1280 (FAX)
Email: Nathan.Tadema@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

12

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

Respondent's pleading has been served by placing the same in the United States

Mail, postage prepaid, on this the 22nd day of August, 2011, addressed to:

Terrence T. Dailey
TDCJ-CID No. 709586
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

/s/ Nathan Tadema
NATHAN TADEMA
Assistant Attorney General

13